EMMA BARTHOLOMAE

.*v*.

STATE OF ILLINOIS.

*Opinion filed December 17, 1914.*

1. INHERITANCE TAX—*when tax erroneously paid may be recov-ered.* Where the county judge fixes an inheritance tax at a certain amount, which amount is paid, after which an appeal is taken from the decision of the county judge to the county court, which court reverses the decision of the judge fixing the tax, and from which decision of the county court no appeal is taken, a recovery may be had.

2. SAME—*demand necessary.* Claimant, in order to recover an inheritance tax erroneously paid, should make demands for the return of the same from the county treasurer and State Treasurer.

Taylor and Lundahl, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

George Bartholomae, a resident of Heidelberg, Germany, died testate on June 12, 1912. Letters testamentary were issued in Cook County, Illinois, to Henry Bartholomae and Rudolph Brand.

On December 12, 1912, the county judge of Cook County fixed the values of the estates of the deceased in Cook County and assessed the inheritance tax on the several estates at $7,947.75.

For the purpose of saving five per cent under the statute, the executors paid the tax less five per cent on December 12, 1912, to the county treasurer of Cook County. This payment amounted to $7,550.36, and a receipt for this amount was taken from the county treasurer, countersigned by the State Treasurer. This money, without deduction for collection charge, was transmitted by the county treasurer to the State Treasurer.

The executors appealed from the order of the county judge to the county court of Cook County, and on November 6, 1913, that court found that the inheritance

tax was improperly assessed, in that, taxes had been levied on estates which were not in fact taken by the legatees and devisees, and the tax was fixed by the county court at $2,136.29.

Demand was made upon the State Treasurer and county treasurer for the return of the difference, $5,414.07, this being the amount which the county court in its order found should be returned.    This likewise, is the amount that claimant asks in this case.

For the purpose of facilitating the settlement of the affairs of the estate, the claim for refund was assigned by the executors to the widow of decedent and the estate was closed.    This claim is prosecuted by the assignee.

It would seem that, inasmuch, as this erroneous tax was paid within the period whereby the five per cent discount was secured, that a like discount should be allowed upon the correct tax as fixed by the county court, this being included in the money already paid, but the county court has apparently disregarded this fact, as has also claimant, in that, in the demands made on the county treasurer and State Treasurer, the discount to which she would apparently be entitled has not been included.

Claimant has in every way fulfilled all requirements of the law to entitle her to a refund of the amount demanded, and it is the judgment of this Court, that she be awarded the sum of $5,414.07.